# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHANA BAKER, CLAYTON MCCAUSLAND,
DAVID PIPER and JASON TERASE,

               Plaintiffs,              CASE NO.

vs.

MELBOURNE GREYHOUND PARK, LLC,
d/b/a CLUB 52, and JEFF O'BRIEN, individually,

               Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Shana Baker ("Baker"), Clayton McCausland ("McCausland"), David Piper ("Piper"), and Jason Terase ("Terase"), (hereinafter collectively "Plaintiffs"), by and through counsel, hereby sue Defendants, Melbourne Greyhound Park, LLC, d/b/a Club 52, and Jeff O'Brien (hereinafter "Defendants"), and allege as follows:

## NATURE OF CASE

1.    This is an action seeking damages for violations of the Florida Constitution's Minimum Wage Amendment ("FMWA"), Article X, §24, of the Florida Constitution, and the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a), to recover unpaid minimum wages, liquidated damages, compensatory damages in the amount of unlawfully retained tips and other

amounts unlawfully withheld, attorneys' fees, costs and expenses, and all other relief the Court deems appropriate.

## JURISDICTION

2.     This Court has jurisdiction over Plaintiffs' claims for violations of the Florida Constitution's Minimum Wage Amendment ("FMWA") asserted herein pursuant to FLSA, 29 U.S.C. §201 et seq., 29 U.S.C. 216(b) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the FLSA retaliation claims pursuant to 28 U.S.C. §1367.

3.     At all times pertinent to this Complaint, the Defendant Club 52 was an "enterprise engaged in interstate commerce," as defined by the FLSA and FMWA.

4.     At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5.     At all times pertinent to this Complaint, Defendant Club 52 employed two or more persons "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in §203(s)(1)(A)(i).

6.     During the relevant time period, the corporate Defendant Club 52 had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

## VENUE

7.      Venue is proper in the Middle District of Florida, Orlando Division. Defendant Club 52 does business in Melbourne, Brevard County, Florida. Plaintiffs performed worked for the Defendants in the Middle District of Florida. The Middle District of Florida is the place where the causes of action occurred.

## PARTIES

8.      In 2006, Plaintiff Baker worked part-time for a few months at Club 52. From about February 2010 to about April 24, 2024, Plaintiff Baker was employed full-time as a dealer at Club 52.

9.      From or about July 2, 2021, to about April 22, 2024, Plaintiff McCausland was employed as a dealer at Club 52.

10.     From or about March 28, 2005, to about April 27, 2024, Plaintiff Piper was employed as a dealer at Club 52.

11.     From or about October 2007 to December 2012, and again from about July 2015 to April 24, 2024, Plaintiff Terase was employed as a dealer at Club 52.

12.     At all times material hereto, Plaintiff Baker was and continues to be a resident of Osceola County, Florida in the Middle District of Florida.

13.     At all times material hereto, Plaintiff McCausland was and continues to be a resident of Brevard County, Florida in the Middle District of Florida.

14.     At all times material hereto, Plaintiff Piper was and continues to be a resident of Brevard County, Florida in the Middle District of Florida.

15.    At all times material hereto, Plaintiff Terase was and continues to be a resident of Brevard County, Florida in the Middle District of Florida.

16.    During the relevant time period, Plaintiff Baker was an "employee" of the Defendant Club 52 and Club 52 was her "employer" within the meaning of the FLSA and FMWA.

17.    During the relevant time period, Plaintiff McCausland was an "employee" of the Defendant Club 52 and Club 52 was his "employer" within the meaning of the FLSA and FMWA.

18.    During the relevant time period, Plaintiff Piper was an "employee" of the Defendant Club 52 and Club 52 was his "employer" within the meaning of the FLSA and FMWA.

19.    During the relevant time period, Plaintiff Terase was an "employee" of the Defendant Club 52 and Club 52 was his "employer" within the meaning of the FLSA and FMWA.

20.    The Plaintiffs and other employees similarly situated who worked at Club 52 were covered employees within the meaning of the FLSA and FMWA.

21.    During the relevant time period, Defendants had control over the working conditions of Plaintiffs at Club 52 and over the unlawful policies or practices alleged herein.

22.    Defendant O'Brien was an employer within the meaning of the FLSA and the FMWA.

23.     Defendant O'Brien was the owner of and manager of Club 52 and was involved in the day-to-day operations of the Defendant Club 52 and/or was, ultimately, responsible for the supervision of the Plaintiffs and other similarly situated employees. Therefore, he is personally liable for the violations alleged herein.

24.     Defendant O'Brien was directly involved in setting policies and practices affecting employee compensation at Club 52, including the policies and practices that are the subject of this lawsuit, and/or was involved in setting the hours worked by Plaintiffs and other employees similarly situated employees at Club 52.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

25.     Plaintiffs served their statutory 15-day pre-suit notice and demand for unpaid minimum wages on Defendants pursuant to Florida Statute 448.110(6)(a) via correspondence to counsel for Defendants on August 16, 2024.

26.     Apart from small, partial payments referenced below, Defendants failed, within the prescribed 15-day period, to pay the demanded sums or otherwise resolve Plaintiffs' claims for unpaid minimum wages.

27.     The Plaintiffs have retained Jill S. Schwartz & Associates, P.A. to represent them in this action and are obligated to pay reasonable attorney's fees, costs, and expenses if they prevail.

28.     All conditions precedent to filing this action, if any, have been satisfied.

## FACTUAL ALLEGATIONS

29.     Plaintiffs, along with their fellow poker dealers, are paid on an hourly basis at a reduced "tip credit" rate, and then earn tips while working the poker tables.

30.    However, due to the variable flow of customers during the shifts to which the dealers are scheduled, dealers have substantial periods of down time during their shifts.

31.    During this down time, dealers are required to remain on the premises and, upon being called to work a table, must resume work immediately.

32.    During this down time, when no tips are earned, and no work related to a tipped occupation is performed, dealers are entitled to the full minimum wage, rather than the reduced tip credit wage.  See 29 C.F.R. § 531.56(f) ("an employer may only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation."

33.    In early 2024, Defendants, apparently aware of their unlawful practices, devised and implemented a misguided attempt to circumvent this law.

34.    Defendants did so by issuing a series of memoranda between March 27 and April 1, 2024, directing the poker dealers to clock out when not assigned to a table during their shifts, calling these off the clock periods "meal breaks."

35.    Because the flow of customers was intermittent, in a typical eight-hour shift, this would often result in as many as five to seven "meal breaks."

36.    The purpose of this policy was to limit the payment of wages only to time spent at the poker tables, while denying compensation entirely for the balance of the shifts to which dealers are assigned.

37.    This policy clearly violates the FLSA/FMWA.  An employee may be taken off the clock for a bona fide meal period only if (1) the employee is completely

6

relieved from duty, (2) the period is at least thirty (30) minutes in duration, and (3) the break is for the purpose of eating regular meals.  29 C.F.R. § 785.19(a).

38.    The "meal breaks" imposed by Club 52's new policy met none of these criteria.  First, the dealers were not "completely relieved from duty," as they were obligated to resume working at a moment's notice if a table became available.  Second, the periods were frequently less than thirty (30) minutes in duration.  Finally, the breaks were not occasioned by "regular meals" but, rather, were the product of Club 52's needs given the varied flow of customers.

39.    The down time between table assignments is properly characterized as compensable "on duty" or "on call" time under the FLSA/FMWA, as dealers are "engaged to wait" for tables to become available.  See 29 C.F.R. § 785.15, see also, § 785.17.  Therefore, Club 52's policy and pay practice of denying compensation for compensable on-duty/on-call time resulted in further violations of the FLSA/FMWA.

40.    Plaintiffs communicated with supervisory personnel, including Director of Poker Room Operations Jeff Marr, and Poker Room Managers Todd Thurn and Mel Thomas, Managing Director William P. Esping and Chief Executive Officer Jeff O'Brien, and expressed their opposition to these pay practices.

41.    Plaintiffs also expressed their concerns to the Department of Labor's (DOL) Wage & Hour Division, who confirmed the unlawful nature of Club 52's pay practices.

42.     On April 3, 2024, Plaintiff Baker verbally complained to Todd Thurn, Jeff Marr and Jeff O'Brien, regarding Defendants' violations of the FLSA and FMWA.

43.     On April 9, 2024, Plaintiff Baker told Jeff Marr that she wanted to participate in the call that was scheduled with the Department of Labor.

44.     On March 30, 2024, Plaintiff McCausland verbally complained to Jeff Marr regarding Defendants' violations of the FLSA and FMWA.

45.     On April 19, 2024, Plaintiff Piper contacted several government agencies regarding his concerns surrounding Defendants' violations of the FLSA and FMWA.

46.     On April 24 and April 25, 2024, Plaintiff Piper telephoned William Esping and left him a detailed voice message expressing his concerns surrounding Defendants' violations of the FLSA and FMWA.

47.     On April 8, 2024, Plaintiff Terase verbally complained to Todd Thurn regarding Defendants' violations of the FLSA and FMWA.

48.     On April 20, 2024, Plaintiff Terase went to Jeff Marr and verbally complained to Mr. Marr regarding Defendants' violations of the FLSA and FMWA. In response, Mr. Marr told Plaintiff Terase, "don't give me any shit" and that anyone who didn't like the policy should "tell it to a lawyer."

49.     On April 20, 2024, Plaintiff Terase verbally complained to Mel Thomas regarding Defendants' violations of the FLSA and FMWA.

50.     Typically, Club 52 held a managers' meeting every Tuesday at 1:00 p.m.

51.     On Tuesday, April 23, 2024, Plaintiff Terase was present in the back room after the managers' meeting had ended and overheard Mel Thomas (poker room manager) ask Jeff Wiseheart (another manager), "Who is back here asking questions about the meal break policy?" as they were coming out of the meeting.

52.     The other managers who attended the managers' meeting on April 23, 2024, included Kayla Brittany Parker (manager) and Terry and Diane Penley (office manager).

53.     Plaintiffs' opposition to the unlawful practices was either casually brushed aside, or subjected to brazen statements, such as Mr. Marr's comment, "don't give me any shit" and that anyone who didn't like the policy should "tell it to a lawyer."

54.     Within three weeks of their complaints, Plaintiffs were terminated, with no reason given, apart from the blank assertion that their services were "no longer needed."

55.     On April 24, 2024, Plaintiff Baker's employment with Club 52 was terminated in retaliation for her complaints to Defendants regarding Defendants' violations of the FLSA and FMWA.

56.     On April 22, 2024, Plaintiff McCausland's employment with Club 52 was terminated in retaliation for his complaints to Defendants regarding Defendants' violations of the FLSA and FMWA.

57.     On April 27, 2024, Plaintiff Piper's employment with Club 52 was terminated in retaliation for his complaints to Defendants regarding Defendants' violations of the FLSA and FMWA.

58.     On April 24, 2024, Plaintiff Terase's employment with Club 52 was terminated in retaliation for his complaints to Defendants regarding Defendants' violations of the FLSA and FMWA.

59.     On or about September 10, 2024, Plaintiff Baker received a deposit in her bank account from Defendants in the amount of $149.64.

60.     On or about September 10, 2024, Plaintiff McCausland received a deposit in his bank account from Defendants in the amount of $215.87.

61.     On or about September 10, 2024, Plaintiff Piper received a deposit in his bank account from Defendants in the amount of $304.74.

62.     On or about September 10, 2024, Plaintiff Terase received a deposit in his bank account from Defendants in the amount of $204.83.

63.     These payments represented a tacit acknowledgement on Defendants' part that their pay practices were not in compliance with the law.

64.     These payments did not, however, compensate Plaintiffs for the full amounts of unpaid minimum wages to which they are entitled and due to receive.

**COUNT I**
**UNPAID MINIMUM WAGES IN VIOLATION OF**
**THE FLORIDA MINIMUM WAGE ACT ("FMWA") – BAKER**
**(Against all Defendants)**

65.     Plaintiff Baker alleges and incorporates by reference paragraphs 1 through 8, 12, 16, 20 through 55, 59, and 63 through 64 herein.

66.     Plaintiff Baker was employed by Defendants covered by the FMWA during the pertinent time period.

67.     Defendants are a covered enterprise engaged in commerce or in the production of goods for commerce under the FMWA.

68.     Plaintiff Baker worked three (3) to four (4) days a week at Club 52. On the days she worked, Plaintiff Baker spent approximately two and a half (2.5) hours each day away from the poker tables while "engaged to wait" for tables to become available.

69.     Defendants' compensation system failed to pay Plaintiff Baker the minimum wage compensation required by the law.

70.     Defendants' conduct as alleged herein constitutes a willful, intentional, knowing or reckless violation of the FMWA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from four (4) years to five (5) years.

71.     Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff Baker.

72.     Defendants also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA or FMWA, (b) Department of

Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

73.    Plaintiff Baker is entitled to damages in the amount of her respective unpaid minimum wage compensation, plus an equal amount as liquidated damages as provided by the FMWA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

74.    Plaintiff Baker requests recovery of her attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Baker requests the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq.*;

b) An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of damages unpaid minimum wages, including liquidated damages to be paid by Defendants;

d) Attorneys' fees and costs; and

e) Any other relief that this Court deems just.

**COUNT II**
**FLSA RETALIATION – BAKER**
**(Against all Defendants)**

75.     Plaintiff Baker alleges and incorporates by reference paragraphs 1 through 8, 12, 16, 20 through 55, 59, and 63 through 64 herein.

76.     The FLSA provides that it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA.

77.     Plaintiff Baker engaged in protected activity by verbally complaining to Defendants regarding Defendants' violations of the FLSA and FMWA.

78.     Shortly after Plaintiff Baker exercised her protected rights under the FLSA, and as a result of the same, Plaintiff Baker suffered adverse employment consequences, including termination.

79.     Plaintiff Baker was injured due to Defendants' violations of the FLSA.

80.     As a result of Defendants' violations, Plaintiff Baker is entitled to legal and injunctive relief.

81.     Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff Baker.

82.     Plaintiff Baker is entitled to damages in the amount of her lost earnings (present and future), compensatory damages for emotional distress and liquidated damages.

83.     As a direct, proximate, and foreseeable result of Defendants' retaliatory actions, Plaintiff Baker has suffered past and future pecuniary losses, emotional pain,

13

suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

84.   Plaintiff Baker requests recovery of her attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Baker requests the following relief:

    a)  Back pay;

    b)  Front pay in lieu of reinstatement;

    c)  Compensatory damages;

    d)  An award of damages including liquidated damages to be paid by Defendants;

    e)  Attorneys' fees and costs;

    f)  Prejudgment interest on all monetary recovery obtained; and

    g)  Any other relief that this Court deems just.

## COUNT III
## UNPAID MINIMUM WAGES IN VIOLATION OF
## THE FLORIDA MINIMUM WAGE ACT ("FMWA") – MCCAUSLAND
### (Against all Defendants)

85.   Plaintiff McCausland alleges and incorporates by reference paragraphs 1 through 7, 9, 13, 17, 20 through 54, 56, 60, and 63 through 64 herein.

86.   Plaintiff McCausland was employed by Defendants covered by the FMWA during the pertinent time period.

87.    Defendants are a covered enterprise engaged in commerce or in the production of goods for commerce under the FMWA.

88.    Plaintiff McCausland worked three (3) days a week at Club 52. On the days he worked, Plaintiff McCausland spent approximately five (5) hours each day away from the poker tables while "engaged to wait" for tables to become available.

89.    Defendants' compensation system failed to pay Plaintiff McCausland the minimum wage compensation required by the law.

90.    Defendants' conduct as alleged herein constitutes a willful, intentional, knowing or reckless violation of the FMWA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from four (4) years to five (5) years.

91.    Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff McCausland.

92.    Defendants also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA or FMWA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

93.    Plaintiff McCausland is entitled to damages in the amount of his respective unpaid minimum wage compensation, plus an equal amount as liquidated damages as provided by the FMWA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

94.    Plaintiff McCausland requests recovery of his attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff McCausland requests the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq.*;

b) An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of damages unpaid minimum wages, including liquidated damages to be paid by Defendants;

d) Attorneys' fees and costs; and

e) Any other relief that this Court deems just.

### COUNT IV
### FLSA RETALIATION – MCCAUSLAND
#### (Against all Defendants)

95.    Plaintiff McCausland alleges and incorporates by reference paragraphs 1 through 7, 9, 13, 17, 20 through 54, 56, 60, and 63 through 64 herein.

96.    The FLSA provides that it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA.

97.    Plaintiff McCausland engaged in protected activity by verbally complaining to Defendants regarding Defendants' violations of the FLSA and FMWA.

16

98.    Shortly after McCausland exercised his protected rights under the FLSA, and as a result of the same, Plaintiff McCausland suffered adverse employment consequences, including termination.

99.    Plaintiff McCausland was injured due to Defendants' violations of the FLSA.

100.    Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff McCausland.

101.    Plaintiff McCausland is entitled to damages in the amount of his lost earnings (present and future), compensatory damages for emotional distress and liquidated damages.

102.    As a direct, proximate, and foreseeable result of Defendants' retaliatory actions, Plaintiff McCausland has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

103.    Plaintiff McCausland requests recovery of his attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff McCausland requests the following relief:

a)    Back pay;

b)    Front pay in lieu of reinstatement;

c)    Compensatory damages;

17

d) An award of damages including liquidated damages to be paid by Defendants;

e) Attorneys' fees and costs;

f) Prejudgment interest on all monetary recovery obtained; and

g) Any other relief that this Court deems just.

**COUNT V**
**UNPAID MINIMUM WAGES IN VIOLATION OF**
**THE FLORIDA MINIMUM WAGE ACT ("FMWA") – PIPER**
**(Against all Defendants)**

104. Plaintiff Piper alleges and incorporates by reference paragraphs 1 through 7, 10, 14, 18, 20 through 54, 57, 61, and 63 through 64 herein.

105. Plaintiff Piper was employed by Defendants covered by the FMWA during the pertinent time period.

106. Defendants are a covered enterprise engaged in commerce or in the production of goods for commerce under the FMWA.

107. Plaintiff Piper worked three (3) days a week at Club 52. On the days he worked, Plaintiff Piper spent approximately five (5) hours each day away from the poker tables while "engaged to wait" for tables to become available.

108. Defendants' compensation system failed to pay Plaintiff Piper the minimum wage compensation required by the law.

109. Defendants' conduct as alleged herein constitutes a willful, intentional, knowing or reckless violation of the FMWA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from four (4) years to five (5) years.

18

110.    Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff Piper.

111.    Defendants also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA or FMWA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

112.    Plaintiff Piper is entitled to damages in the amount of his respective unpaid minimum wage compensation, plus an equal amount as liquidated damages as provided by the FMWA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

113.    Plaintiff Piper requests recovery of his attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Piper requests the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq.*;

b) An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of damages unpaid minimum wages, including liquidated damages to be paid by Defendants;

d) Attorneys' fees and costs; and

e) Any other relief that this Court deems just.

**COUNT VI**
**FLSA RETALIATION – PIPER**
**(Against all Defendants)**

114. Plaintiff Piper alleges and incorporates by reference paragraphs 1 through 7, 10, 14, 18, 20 through 54, 57, 61, and 63 through 64 herein.

115. The FLSA provides that it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA.

116. Plaintiff Piper engaged in protected activity by verbally complaining to Defendants regarding Defendants' violations of the FLSA and FMWA.

117. Shortly after Piper exercised his protected rights under the FLSA, and as a result of the same, Plaintiff Piper suffered adverse employment consequences, including termination.

118. Plaintiff Piper was injured due to Defendants' violations of the FLSA.

119. Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff Piper.

120. Plaintiff Piper is entitled to damages in the amount of his lost earnings (present and future), compensatory damages for emotional distress and liquidated damages.

121. As a direct, proximate, and foreseeable result of Defendants' retaliatory actions, Plaintiff Piper has suffered past and future pecuniary losses, emotional pain,

suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

122. Plaintiff Piper requests recovery of his attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Piper requests the following relief:

a) Back pay;

b) Front pay in lieu of reinstatement;

c) Compensatory damages;

d) An award of damages including liquidated damages to be paid by Defendants;

e) Attorneys' fees and costs;

f) Prejudgment interest on all monetary recovery obtained; and

g) Any other relief that this Court deems just.

**COUNT VII**
**UNPAID MINIMUM WAGES IN VIOLATION OF**
**THE FLORIDA MINIMUM WAGE ACT ("FMWA") – TERASE**
**(Against all Defendants)**

123. Plaintiff Terase alleges and incorporates by reference paragraphs 1 through 7, 11, 15 and 19 through 54, 58, and 62 through 64 herein.

124. Plaintiff Terase was employed by Defendants covered by the FMWA during the pertinent time period.

21

125.    Defendants are a covered enterprise engaged in commerce or in the production of goods for commerce under the FMWA.

126.    Plaintiff Terase worked three (3) days a week at Club 52. On the days he worked, Plaintiff Terase spent approximately three and one-third (3.33) hours each day away from the poker tables while "engaged to wait" for tables to become available.

127.    Defendants' compensation system failed to pay Plaintiff Terase the minimum wage compensation required by the law.

128.    Defendants' conduct as alleged herein constitutes a willful, intentional, knowing or reckless violation of the FMWA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from four (4) years to five (5) years.

129.    Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff Terase.

130.    Defendants also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA or FMWA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

131.    Plaintiff Terase is entitled to damages in the amount of his respective unpaid minimum wage compensation, plus an equal amount as liquidated damages as provided by the FMWA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

132.    Plaintiff Terase requests recovery of his attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Terase requests the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq.*;

b) An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of damages unpaid minimum wages, including liquidated damages to be paid by Defendants;

d) Attorneys' fees and costs; and

e) Any other relief that this Court deems just.

**COUNT VIII**
**FLSA RETALIATION – TERASE**
**(Against all Defendants)**

133. Plaintiff Terase alleges and incorporates by reference paragraphs 1 through 7, 11, 15 and 19 through 64 herein.

134. The FLSA provides that it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA.

135. Plaintiff Terase engaged in protected activity by verbally complaining to Defendants regarding Defendants' violations of the FLSA and FMWA.

136.   Shortly after Terase exercised his protected rights under the FLSA, and as a result of the same, Plaintiff Terase suffered adverse employment consequences, including termination.

137.   Plaintiff Terase was injured due to Defendants' violations of the FLSA.

138.   Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff Terase

139.   Plaintiff Terase is entitled to damages in the amount of his lost earnings (present and future), compensatory damages for emotional distress and liquidated damages.

140.   As a direct, proximate, and foreseeable result of Defendants' retaliatory actions, Plaintiff Terase has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

141.   Plaintiff Terase requests recovery of his attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Terase requests the following relief:

a) Back pay;

b) Front pay in lieu of reinstatement;

c) Compensatory damages;

d) An award of damages including liquidated damages to be paid by Defendants;

e) Attorneys' fees and costs;

f) Prejudgment interest on all monetary recovery obtained; and

g) Any other relief that this Court deems just.

Date:  September 23, 2024

Respectfully submitted,

s/ David H. Spalter
David H. Spalter, Esquire
Florida Bar No. 966347
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: dspalter@schwartzlawfirm.net
Secondary E-mail:
jtacktill@schwartzlawfirm.net
Secondary E-mail:
docketing@schwartzlawfirm.net

Lead Counsel for Plaintiffs